O. HERBERT SPROUL ET AL., TRUSTEES, &c., v. FREDER-
ICK L. SMITH.

1. In an action brought by a teacher to recover of the trustees of a school district for services as teacher, an objection that the plaintiff was not the holder of a proper teacher's certificate, in full force and effect, cannot be made after the evidence is closed and the cause being summed up.

2. The fact that the teacher was employed by the trustees of a district which was subsequently consolidated with another district, will not bar the right to recover; the new district having become entitled to all the property, rights and assets of, and liable to all just claims against the several districts.

3. The action must be brought against the district by its corporate name, and not against the trustees in their individual names, with description appended of "Trustees, &c."

On *certiorari.*

Argued at February Term, 1878, before Justices DAL-RIMPLE and WOODHULL.

For the plaintiffs, *R. S. Kuhl.*

For the defendant, *Charles A. Skillman.*

The opinion of the court was delivered by

DALRIMPLE, J. The defendants below bring this *certiorari* to set aside a judgment rendered against them at the suit of the plaintiff below, in the Common Pleas of Hunterdon, on an appeal, for services rendered by plaintiff as teacher of School District No. 98, in said county. It appears that the plaintiff taught the school in District No. 98 from April 6th, 1871, until July 1st, 1872, at a salary of $600 per year. That at the end of his term of service there was due him about the sum of $150. On or about the 18th of June, 1872, District No. 98 became consolidated with the adjoining

district, No. 99, and the consolidated district went thereafter by the name of District No. 98. That on the 26th of January, 1873, the late trustees of original District No. 98 gave the plaintiff, for the balance due him, two orders on the township collector—one for $85 and the other for $65. The order for $85 was accepted and paid. The other, upon which this suit is brought, was not accepted or paid, because the officer upon whom it was drawn alleged that "there was no money in the treasury." The plaintiff thereupon brought an action against the defendants below, on the order for $65, before a justice of the peace, and recovered. On appeal, the judgment was affirmed. The legality of this recovery is the question presented.

It is objected, in the first place, that the plaintiff below was not entitled to recover, because the act to establish a system of public instruction (*Rev.*, *p.* 1077, § 43,) enacts that no teacher shall be entitled to any salary unless such teacher shall be the holder of a proper teacher's certificate, in full force and effect, and no such certificate was shown. I do not think, from the course of the proceedings on the trial before the Pleas, that this objection can prevail. It does not appear that any question was raised as to the existence of a proper certificate until the evidence was closed and the cause was being summed up. I think the objection was too late. It appeared in evidence that the plaintiff had been duly employed to teach the school; had served under such employment, and his right to compensation therefor acknowledged by his employers as well as by the township collector. In the absence of any objection, because of the non-production of the certificate, until after the close of the evidence, I think the jury were entitled to infer that such a certificate as the statute requires was in existence.

It is again objected that, inasmuch as the plaintiff's services were rendered to the original District No. 98, and it and No. 99 were afterwards consolidated, no action for such services can be maintained against the new district. To this proposition I am not willing to assent. If it be sound, then the

plaintiff's claim, though wholly unsatisfied, is gone. He cannot successfully prosecute it against the district he served, because it is no longer in existence. If the new district is not liable, the debt is extinguished. I think that when the consolidation took place, the new district, on the one hand, became entitled to all the property, rights and assets of; and on the other, liable to all just claims against the several districts.

I have not been able to see why, in point of law, equity or justice, District No. 98, as now constituted, should not pay the plaintiff's claim. The services were rendered for a corporation (*Rev.*, *p.* 1076, § 38,) to whose property and rights the new district has succeeded. Under these circumstances, it seems to me that equity and justice require that the consolidated district shall discharge the liabilities of the several districts which it absorbed and of which it is now composed. By express enactment, (*Rev.*, *p.* 1076, § 39,) trustees of school districts have the right and it is their duty to employ teachers of the district schools, and to fix, alter, allow and order paid their salaries and compensation. By section thirty eight of the same act, school districts are constituted bodies corporate, capable of suing and being sued in all courts and places whatever. If the action had been brought directly against the consolidated district for services rendered District No. 98, before the consolidation, as at present advised, I see no difficulty in the way of a recovery. I am not aware of any mysterious legal process by which the plaintiff's lawful claim against original District No. 98 became abrogated by the unity of the two districts. But the action is not brought against any district or corporation. The defendants below are sued by their individual names, with the description appended of "Trustees of School District No. 98, Delaware township, Hunterdon county." This is not the corporate name of the district against which the plaintiff's claim is. (*Rev.*, *p.* 1076, § 38.) The judgment is against the individual trustees, as must necessarily have been the case in the form of action adopted. The action should have been against the district by

its true corporate name. *Apgar* v. *Trustees, &c.,* 5 *Vroom.* 308. The defendants being strangers to the order sued on, and never having, in any capacity, retained or employed the plaintiff, I cannot see upon what principle the action as against them can be maintained; and for this reason the judgment below must be reversed.